L. Paul Mankin (SBN 264038)
Law Office of Paul Mankin, APC
4655 Cass St., Ste. 410
San Diego, CA 92109
Phone: (800)-219-3577
Facsimile: (323) 207-3885
pmankin@paulmankin.com
Attorney for Plaintiff
Victor Hourani

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR HOURANI, <br><br> Plaintiff, <br><br> vs. <br><br> MIDLAND CREDIT MANAGEMENT, INC., and DOES 1 through 10 inclusive, <br><br> Defendant. | '21CV0610 GPC MDD <br><br> **COMPLAINT** <br><br> 1. Violation of the Rosenthal Fair Debt Collection Practices Act; <br> 2. Violation of the Fair Debt Collection Practices Act; |

**INTRODUCTION**

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") and Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. **PARTIES**

2.  Plaintiff VICTOR HOURANI ("Plaintiff"), a natural person who at all times herein mentioned was a resident of the City of San Diego, County of San

Diego, and State of California and is a and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

3. At all relevant times herein, Defendant, Midland Credit Management, Inc., (hereinafter "Defendant") was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt" as defined by 15 U.S.C. §1692a(5) and a "consumer debt" as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of *Section 474 of the California Code of Civil Procedure*.

5. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## JURISDICTION

6. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, since the claims alleged against the Defendants arose under the FDCPA. This court has supplemental jurisdiction over Plaintiff's state law claims contained herein.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) & (b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

# FACTUAL ALLEGATIONS

8. On or about 2013, Defendant filed a collection lawsuit against Victor Hourani with a case number 37-2013-00052147-CL-CL-CTL in San Diego Superior Court. Significantly, this lawsuit was not filed against Plaintiff but another person with the same name as Plaintiff. Subsequently, Defendant obtained a money judgment against this person.

9. On information and belief, this alleged financial obligation was the result of a "consumer credit transaction", as defined by Cal. Civ. Code §1788.2(e), and is therefore a "consumer debt", as defined by Cal. Civ. Code §1788.2(f).

10. On April 2, 2021, Plaintiff received notice of a wage garnishment order from Defendant.

11. Defendant's wage garnishment order intends to garnish Plaintiff's wages for the debt of a third party.

12. Notably, the wage garnishment order contains an address that Plaintiff does not reside at and a social security number that does not belong to Plaintiff.

13. Plaintiff discovered that his employer also received the wage garnishment order, and on information and belief, intends to comply with the order employer is also in receipt of the wage garnishment order.

14. Plaintiff contacted Defendant to explain that the judgment is not against him but another person named Victor Hourani and that it is attempting to garnish the wrong person's wages. Defendant ignored Plaintiff.

15. On information and belief, Plaintiff's employer has a policy to terminate employees that has their wages garnished pursuant to more than one wage garnishment order.

16. Plaintiff will also incur substantial financial hardship if any percentage of his wages are garnished for a debt that he does not owe.

17. As a result of Defendant's actions, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress.

## COUNT I: VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates paragraphs 1 through 17 as if fully written herein.

19. § 1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d, and § 1692d(5).

20. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

   a) Committed any conduct the natural consequence of which is to harass, oppress, or abuse any person (Cal. Civ. Code § 1788.11(e));
   b) The use or threatened use of criminal means to harm the consumer (15 U.S.C. § 1692d(1));
   c) Any false, deceptive, or misleading means in connection with debt collection (15 U.S.C. § 1692e);
   d) Any false, misleading representation in communications regarding the character, amount, or legal status of the alleged debt (15 U.S.C. § 1692e(2));
   e) Take or threaten to take any action that cannot legally be taken or that is not intended to be taken (15 U.S.C. § 1692e(5));
   f) The use of any false or deceptive means to collect a debt (15 U.S.C. § 1692d(10));

g) Any unfair or unconscionable means to collect the alleged debt (15 U.S.C. § 1692f;

h) Any attempt to collect any amount not authorized by agreement creating the debt or permitted by law (15 U.S.C. § 1692f(1));

i) Taking or threatening to unlawfully repossess or disable the consumer's property (15 U.S.C. § 1692f(6));

21. As a result of the above violations of the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

22. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willingly.

## COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRRACTICES ACT

23. Plaintiff reincorporates by reference paragraphs 1 through 26 as if fully written herein.

24. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the below:

a) Contacting a consumer by telephone after receipt of a written cease and desist letter (15 U.S.C. § 1692c(c));

b) The use or threatened use of criminal means to harm the consumer (15 U.S.C. § 1692d(1));

c) Any false, deceptive, or misleading means in connection with debt collection (15 U.S.C. § 1692e);

d) Any false, misleading representation in communications regarding the character, amount, or legal status of the alleged debt (15 U.S.C. § 1692e(2));

e) Take or threaten to take any action that cannot legally be taken or that is not intended to be taken (15 U.S.C. § 1692e(5));

f) The use of any false or deceptive means to collect a debt (15 U.S.C. § 1692d(10));

g) Any unfair or unconscionable means to collect the alleged debt (15 U.S.C. § 1692f;

h) Any attempt to collect any amount not authorized by agreement creating the debt or permitted by law (15 U.S.C. § 1692f(1));

i) Taking or threatening to unlawfully repossess or disable the consumer's property (15 U.S.C. § 1692f(6));

25. As a result of reach and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;

B. Statutory damages;

C. Costs and reasonable attorney's fees; and

D. For such other and further relief as may be just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A JURY TRIAL</u>**

Date: April 7, 2021                     LAW OFFICE OF PAUL MANKIN, APC

                                              __/s/ Paul Mankin_____

                                              Paul Mankin, Esq.
                                              Attorney for Plaintiff